IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 67,926-02






EX PARTE JEFFREY GALE WAISATH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR05-00436 IN THE 294th DISTRICT COURT


FROM VAN ZANDT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to twelve months' imprisonment in a state jail facility. 

 Applicant contends that he is being illegally confined past his discharge date. The record
reflects that Applicant was sentenced to twelve months in a state jail facility on April 5, 2007, but the
record also reflects that he was awarded approximately 425 days of pre-sentence jail time credit on
his judgment. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Correctional Institutions Division, to
file an affidavit addressing whether Applicant is currently confined as a result of this conviction and,
if so, why he is so confined. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is being illegally confined
in this cause. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 12, 2007

Do not publish